IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:16-CV-1601 |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **DANIELLE WOODYARD,** *et al.*, : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 30th day of January, 2017, upon consideration of the motion (Doc. 19) for interpleader relief by Metropolitan Life Insurance Company ("Metropolitan"), and it appearing that all defendants are on notice of said motion, (see Doc. 20-2), and that defendants Danielle Woodyard and the Estate of Willard J. Woodyard concur in Metropolitan's request for interpleader relief, (see Doc. 27), and that defendant Todd Woodyard has neither pled nor otherwise defended in this action, has not responded to Metropolitan's request for concurrence or non-concurrence in its motion, and is the subject of a separately-pending request for entry of default, (see Docs. 26-27), and the court having reviewed and considered Metropolitan's motion and all materials submitted therewith, it is hereby ORDERED that:

1. The sum of $57,909.74 (the "Group Universal Life Benefits"), with interest, if any, shall be deposited by the Clerk of Court into the Registry of this Court and then, as soon as the business of his or her office allows, the Clerk of Court shall deposit these funds into the interest-bearing Court Registry Investment System ("C.R.I.S.") administered by the Administrative Office of the United States Courts as Custodian, pursuant to Local Rule of Court 67.1.

2. The sum of money so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk of Court and redeposited into the non-interest-bearing Registry of the Court for disposition pursuant to further order of the Court.

3. The Custodian shall deduct a miscellaneous schedule fee for the handling of those registry funds invested in interest-bearing accounts, as authorized by the Judicial Conference of the United States, of 10% of the income earned on an account and any subsequent deposit of new principal while invested in C.R.I.S.

4. Defendants are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the benefits payable under the Alcatel-Lucent group life insurance policy (the "Policy") due as a result of the death of Willard J. Woodyard ("Decedent") or upon their failure to do so, this Court will settle and adjust the claims and determine to whom the within Group Universal Life Benefits shall be paid.

5. Metropolitan shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the parties hereto and any other claimant to the Group Universal Life Benefits under and pursuant to the Policy as a result of the death of Decedent.

6. Metropolitan shall be dismissed from this action with prejudice and without any further liability in connection with the Policy and the Group Universal Life Benefits due thereunder as a result of the death of Decedent.

7. Defendants are restrained and enjoined from instituting any action or proceeding in any state or United States court against Metropolitan for recovery of the Group Universal Life Benefits, plus any applicable interest, as a result of the death of Decedent.

8. Metropolitan shall be awarded a portion of its attorneys' fees and costs incurred in the amount of $2,500.00, which shall be paid out of the Group Universal Life Benefits deposited with the Clerk of Court.

9. Metropolitan shall serve a copy of this order upon all parties within seven (7) days of receipt thereof.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania