IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:16-CV-1601 |
| : | |
| **Plaintiff** : | **(Chief Judge Conner)** |
| : | |
| v. : | |
| : | |
| **DANIELLE WOODYARD,** *et al.*, : | |
| : | |
| **Defendants** : | |

## ORDER & DEFAULT JUDGMENT

AND NOW, this 8th day of March, 2017, upon consideration of the motion (Doc. 18) of defendants Danielle Woodyard and the Estate of Willard J. Woodyard ("the Estate") for default judgment against codefendant Todd Woodyard, and the court observing that interpleader plaintiff Metropolitan Life Insurance Company ("Metropolitan") commenced the above-captioned action by filing a complaint for interpleader (Doc. 1) on August 2, 2016, averring that Metropolitan cannot ascertain from policy documents and beneficiary designation forms whether the decedent's group universal life policy benefits are payable to Danielle Woodyard or to Todd Woodyard, (see id.), and it appearing that Danielle Woodyard and the Estate waived service of the summons on August 5, 2016, and timely filed answers (Docs. 7-8) to the complaint on August 23, 2016, and that Todd Woodyard likewise waived service on October 11, 2016, rendering his answer due on December 12, 2016, (see Doc. 14), but it further appearing that, as of the date of this order, Todd Woodyard has not pled or otherwise defended himself in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on his behalf, and that, upon request (Doc. 26) of

Danielle Woodyard and the Estate, the Clerk of Court entered default (Doc. 28) against Todd Woodyard on January 27, 2017, see FED. R. CIV. P. 55(a), and further upon consideration of the court's order (Doc. 33) dated February 3, 2017, wherein the court ordered Todd Woodyard to show cause on or before February 15, 2017, why the court should not grant the motion (Doc. 18) for default judgment filed by Danielle Woodyard and the Estate, and it appearing that Todd Woodyard has failed to respond thereto, and the court thus concluding that entry of default judgment against Todd Woodyard and in favor of Danielle Woodyard and the Estate is appropriate, see FED. R. CIV. P. 55(b), it is hereby ORDERED that:

1. The motion (Doc. 18) for default judgment filed by Danielle Woodyard and the Estate of Willard J. Woodyard is GRANTED.

2. Default judgment is ENTERED in favor of Danielle Woodyard and the Estate of Willard J. Woodyard and against Todd Woodyard as requested in the motion (Doc. 18) for default judgment.

3. Counsel for Danielle Woodyard and the Estate of Willard J. Woodyard shall file an appropriate motion for withdrawal of the funds interpled and deposited into the court's registry forthwith. The motion shall be accompanied by a proposed order and shall comply with the Local Rules of Court in both form and substance. See LOCAL RULES OF COURT 5.1(g) and 67.1(b)(4).

　　　　　　　　　　　　　　　　/S/ CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　Christopher C. Conner, Chief Judge
　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　Middle District of Pennsylvania